# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JOSE GREGORIO ALTAMIRANDA VALE, | ) ) ) | |
| Petitioner, | ) ) | No. 06-1246 |
| v. | ) ) | |
| MARIA JOSE FIGUERA AVILA, | ) ) | |
| Respondent. | ) ) | |

## O P I N I O N   A N D   O R D E R

Before the Court is a Motion for Stay [Doc. 92] in which Respondent asks this Court to stay the Order directing the return of her Children to Petitioner pending her appeal.  Petitioner has filed a Memorandum in Opposition.  [Doc. 95.]  For the following reasons, the Motion to Stay is DENIED.

This Court has recently ordered that Respondent be directed to hand over custody of her Children to their father, Petitioner, on June 2, 2008 so that the Children could be returned to Venezuela and a Venezuelan Court could resolve the relevant custody issues.[1]  Respondent has now come before this Court at this late date and requests that this Court stay that Order while she takes this Court's decision up on appeal.

---

[1] For a complete recitation of the facts and law leading up to this Court's decision, see this Court's Opinion and Order entered on April 12, 2008.  [Doc. 77.]

# I.
# ANALYSIS

There are four clearly established factors for determining whether a district court should stay an Order pending appeal: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.  Hilton v. Braunskill, 481 U.S. 770, 776 (U.S. 1987). These factors are the linchpin for any decision regarding whether to stay a case pending appeal, yet they go unmentioned in Respondent's brief.  Accordingly, Respondent has all but waived any legal basis for providing a stay pending the appeal.  See Voekler v. Porsche Cars North America, Inc., 353 F.3d 516, 527 (7th Cir. 2003) (failing to cite relevant authority constitutes a waiver); see also U.S. v. Useni, 516 F.3d 634, 658 (7th Cir. 2008).

Instead, Respondent puts forward the following arguments: (1) The current President of the Venezuela is "an anti-American activist" and has no intention of honoring any requests made by the United States; and (2) Respondent will have no judicial remedy at her disposal should this Court deny her request to stay pending an appeal.[2]

---

[2] Respondent also cites Kijowska v. Haines, 463 F.3d 583 (7th Cir. 2006) and states that this decision is the precedent in the Seventh Circuit for staying enforcement of Hague orders on appeal.  Respondent mentions that the Children have acclimated well to the United States, but never explains why she should be entitled to a stay under Kijowska.  The ruling in Kijowska was that the aforementioned balancing test (which Respondent has ignored) should be employed in federal Hague Convention proceedings, rather than the hard line rule employed in state courts. Nothing in Kijowska would lead this Court to believe that simply because the Children have become acclimated to the United States, a stay should automatically be granted.

Respondent's first argument is certainly unique. However, Respondent has failed to show how the bizarre anti-American ruminations of the President of Venezuela are relevant to the case at bar. There is ample evidence in the record that Petitioner, Respondent, her witnesses, and other family members were all able to easily travel back and forth between Venezuela and the United States. There is nothing in the record which would suggest that the Venezuelan President would take any interest in this case or in anyway prevent individuals, be they adults or the children who are the subject of this litigation, from traveling to or from Venezuela.

Furthermore, Respondent's argument – that the Venezuela President has no intention of honoring any request by the United States – misses the driving point behind this Court's previous Order. This Court's previous Order made clear that the United States is not in a position to make any request to Venezuela regarding the status of the Children. This Court clearly ruled that a Venezuelan Court and not an American Court or any other American authority should determine the custody status of the Children.

This leads to Respondent's second argument – that she will have no judicial remedy at her disposal should this Court deny her request for a stay. This is entirely inaccurate. She can and should still turn to a Venezuelan court to obtain the necessary judicial remedy. It was a Venezuelan court that originally gave her custody of the children, and she was willing to rely upon a Venezuelan court when it was to her advantage during settlement negotiations. To say that she will not have any judicial remedy, when she has clearly relied upon a Venezuelan Court in the past, flies in the face of her previous actions.

With Respondent's arguments addressed, the Court now turns to the relevant four part balancing test.

1. *Likelihood of Success on the Merits*

This first factor often places a district court in a "conceptually difficult" position. Thomas v. City of Evanson, 636 F. Supp. 587, 590 (N.D. Ill. 1986). As one district court has noted, "[o]bviously, we think an appeal will probably fail; we have reviewed our opinion and stand by it. Had we thought an appeal would be successful, we would not have ruled as we did in the first place." Id. As a result, a party seeking a stay need not show that it is more than 50 percent likely to succeed on appeal; otherwise, no district court would ever grant a stay. It is enough that the party seeking the appeal has a substantial case on the merits. Washington Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 843-44 (D.C. Cir. 1977); Dayton Christian Schools v. Ohio Civil Rights Commission, 604 F. Supp. 101, 103 (S.D. Ohio 1984), rev'd on other grounds, 766 F.2d 932 (6th Cir. 1985).

In the case at bar, this Court previously addressed several issues which are novel to this Circuit. [Doc. 77.] At the time, this Court noted that other circuits have differed over how best to resolve these issues. However, Respondent has shown no interest in pursuing these arguments. They have gone unraised and have been waived in the brief at bar. Accordingly, since Respondent has shown no sign of pursuing these issues, this Court can safely conclude that she will not have much of a chance on appeal. See Wasniewski v. Grzelak-Johannsen, No. 06-2548, 2007 U.S. Dist. LEXIS 62929 (N.D. Ohio Aug. 27, 2007) (denying the stay of a Hague Convention Order pending appeal because the appellant "failed to demonstrate a likelihood of success of appeal."); see also Koch v. Koch, No. 05C1158, 2006 U.S. Dist. LEXIS 11711 (E.D. Wis. Feb. 27, 2006) (denying a stay pending appeal and

noting that the Hague Convention Appellant was "unlikely to win under any approach."); Friedrich v. Friedrich, 78 F.3d 1060, 1063 n.1 (6th Cir. 1996) (stating in dicta that "staying the return of a child under the Hague convention should not be a matter of course.").

2. *Irreparable Injury*

Some courts have found that a stay is an appropriate means to toll a Hague Convention proceeding, particularly when the children could be at risk to physical harm. See e.g. In re Application of Adan, 437 F.3d 381 (3d Cir. 2006). As noted in this Court's previous Order [Doc. 77], the Children in the case do not face such a risk.

Respondent's argument that she will no longer have a recourse does fall under this factor. Respondent implicitly argues that she will suffer an irreparable harm if the stay is denied because she will no longer have a judicial recourse in an American court and her case will be moot. In support of that claim, Respondent's counsel points to another Hague Convention case where he represented the losing party. Fabri vs. Pritikin-Fabri, 221 F. Supp. 2d 859 (N.D. Ill. 2001). According to Respondent's counsel, his client in that case appealed that district court ruling after the child was returned to her native country and the appeal was dismissed as moot. However, Respondent's counsel has failed to point to any published or unpublished decision which provided our Appellate Court's reasoning in Fabri. For all we know, the appeal could have been moot because Respondent's counsel failed to cite any relevant authority as was done in this case. Furthermore, Respondent has failed to point to any published or unpublished order from any other court which would

indicate that a losing party's claim is moot on appeal after the children have been returned to their native country. To the contrary, several circuits have declared that an appeal is not rendered moot when the children have been returned. See Fawcett v. McRoberts, 326 F.3d 491 (4th Cir. 2003); Whiting v. Krassner, 391 F.3d 540, 543 (3d Cir. 2004); but see Bekier v. Bekier, 248 F.3d 1051 (11th Cir. 2001) (noting that an appeal was moot under a different factual scenario). Accordingly, there is no basis for this Court to conclude that Respondent's appeal would be moot after the Children were returned to Venezuela.

   3. *Substantial Injury to Other Parties in the Proceeding*

If this Court were to grant a stay, both Petitioner and the children would suffer a substantial injury. Both Petitioner and his Children have been hanging in limbo over the Children's custody status for over two years. Any further delay will only exacerbate this injury. Adan v. Avans, No. 04-5155, 2007 WL 2212711 at *6 (D.N.J. July 30, 2007).

   4. *Public Interest*

In considering where the public interest lies, this Court is mindful that the public interest of this country and of other countries which are signators to the Convention is met when the purpose of the Convention is met. The Convention was adopted by the signatory nations "to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access." Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, 19 I.L.M. 1501 (1980), Preamble. Allowing for a stay pending appeal would run contrary to the public interest of

securing the prompt return of wrongfully removed children.  <u>Wasniewski</u>, 2008 U.S. Dist. LEXIS 62929 at  *26.  Instead, the public's interest is best served by allowing a Venezuelan Court to promptly resolve the custody dispute as intended by the Treaty.

## II.
## ADDITIONAL ISSUES

In the previous Order directing the return of the Children, no specific time was mentioned for the handover of the Children.  The parties have demonstrated a complete inability to cooperate and it is unlikely that they are able to cooperate on this front as well.  In order to avoid requiring Petitioner to spend the entire day waiting at the courthouse for his Children to be handed over, the Court directs Respondent to appear with the Children to turn them over to Petitioner at 3 p.m. on June 2, 2008.

IT IS THEREFORE ORDERED that Petitioner's Motion for a Stay is DENIED.  Respondent is to appear at 3 p.m. on June 2, 2008 to turn the Children over to Petitioner.  The clerk is directed to forward a copy of this Order to the Court of Appeals.


ENTERED this  <u>29th</u>  day of May, 2008.


<u>s/Joe Billy McDade</u>
Joe Billy McDade
United States District Judge