# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| JOSE GREGORIO ALTAMIRANA VALE, | )<br>)<br>) |
| Petitioner, | )<br>) No. 06-cv-1246 |
| v. | )<br>) |
| MARIA JOSE FIGUERA AVILA, | )<br>) |
| Respondent. | ) |

## O P I N I O N  &  O R D E R

Before the Court is Petitioner's Motion for Costs and Reasonable Attorneys' Fees (Doc. 94), filed on May 23, 2008. For the reasons stated below, the motion is GRANTED, in part, and DENIED, in part. The Court will award Petitioner only his out-of-pocket expenses incurred in his prosecution of this action. The Court will set the precise amount of the award after Petitioner submits an updated affidavit substantiating his actual out-of-pocket expenses.

### PROCEDURAL HISTORY

On September 13, 2006, Petitioner Jose Gregorio Altamiranda Vale filed a Petition (Doc. 2) in this Court seeking relief under the federal International Child Abduction Remedies Act, 42 U.S.C. § 11603(b) ("ICARA"). On April 12, 2008, this Court issued an Order, ruling in favor of Petitioner (Doc. 77). On May 9, 2008, Respondent filed a notice of appeal (Doc. 83). On May 15, 2008, Petitioner filed a Motion for Leave to File Out of Time, in which he asked the Court for leave to file late a motion for costs and attorney fees (Doc. 87). The Court granted the Motion for Leave on May 22, 2008 (TEXT ORDER), and on May 23, 2008, Petitioner filed a

Motion for Costs and Reasonable Attorneys' Fees (Doc. 94).  On June 23, 2008, Respondent filed a response in opposition to the Motion for Costs (Doc. 102).  On June 26, 2008, Respondent filed a Motion to Stay Ruling on Petition For Fees and Costs (Doc. 104), arguing that a ruling on the Motion for Costs should be stayed pending appeal.  On July 17, 2008, the Court of Appeals issued an Order affirming this Court's judgment on the ICARA Petition (Doc. 112).  The corresponding mandate was issued on August 11, 2008 (Doc. 116).

## ANALYSIS

As a preliminary matter, the Court will consider Petitioner's Motion for Costs despite Respondent's objections regarding the motion's timeliness.  Local Rule 54.1(A) states that requests for attorney fees and bills of costs shall be filed within thirty days of entry of final judgment *or receipt of the mandate from a Court of Appeals* (emphasis added).  Petitioner's Motion for Costs was filed on May 23, 2008.  The mandate from the Court of Appeals was issued, subsequently, on August 11, 2008.  Thus, the motion was timely filed under the Local Rules of this Court.

The applicable statute pertaining to attorney fees and costs in this action, provides as follows:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3).  The purpose of awarding fees and costs under § 11607 is to restore the successful petitioner to the financial position he would have occupied had there been no removal of the children and to deter such removal from

2

happening in the first place.  See Cook v. Cook, 2007 WL 3120122, at *1 (D. Ariz., Oct. 23, 2007).

The Court finds that an award of attorney fees to Petitioner under § 11607 would be clearly inappropriate under the circumstances of this case.  First, it is undisputed that Petitioner's counsel represented Petitioner under a *pro bono* arrangement.  It is uncontroverted that Petitioner has no outstanding bills for attorney fees pertaining to this action.  Although this fact does not, by itself, render an award of attorney fees clearly inappropriate, it is a factor that cuts against any such award.[1]

Second, and more importantly, the Court finds that Respondent is in no financial position to shoulder the burden of the $115,872.26 in attorney fees, copying costs, etc. that Petitioner's counsel is requesting.  Respondent has limited financial means and has found little gainful employment in the United States.[2]  See 4/5/2008 Tr. at 185-192 (Doc. 89); Resp. Br. ¶ 11.  The financial position of the respondent is a factor a court may consider in determining whether it would be clearly inappropriate to award costs and attorney fees in an ICARA action.  See Rydder v. Rydder, 49 F.3d 369, 373-74 (8th Cir. 1995).

The Court does, however, find it appropriate to award Petitioner his out-of-pocket costs in prosecuting this action.  Such an award is certainly more manageable for Respondent than would be an award that included attorney fees.

---

[1] It is worth mentioning that the cases cited by Petitioner to support the recoverability of attorney fees in ICARA cases under *pro bono* arrangements are not controlling, nor are they particularly persuasive in the view of this Court, given the purpose of § 11607(b)(3).

[2] The Court agrees with Respondent that it would be inappropriate to consider the assets of Respondent's husband, Mr. Geraci, in deciding whether costs and attorney fees should be awarded to Petitioner.  In any event, Petitioner has pointed to nothing in the record regarding Mr. Geraci's income or assets.

Additionally, awarding Petitioner his out-of-pocket costs is in accord with the purpose of § 11607(b)(3). The award will, conceivably, restore Petitioner to his financial position prior to the commencement of this action, and it will serve as a general deterrent to the type of conduct that Respondent has displayed which is the subject of this suit.

Out of an abundance of caution, the Court has decided not to rely on Mr. Vale's May 22, 2008 affidavit (Exhibit E) in calculating the out-of-pocket costs for which he is to be reimbursed by Respondent. The Court believes that Mr. Vale is today in a better position to accurately assess his out-of-pocket costs than he was on May 22, 2008. Accordingly, Petitioner is directed to submit, within thirty (30) days, an updated affidavit detailing his out-of-pocket expenses incurred in prosecuting this action. The affidavit shall attach, in an organized fashion, a receipt or other source of proof for each of Petitioner's expenditures that occurred in connection with this suit. Petitioner will not be reimbursed for expenditures that are not substantiated by evidence.

## CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's Motion for Costs and Reasonable Attorneys' Fees is GRANTED, in part, and DENIED, in part. Respondent's Motion to Stay (Doc. 104) is MOOT. Petitioner is directed to proceed in accord with this Order.

ENTERED this 17th day of December, 2008.

s/ Joe B. McDade
JOE BILLY MCDADE
United States District Judge